1 of 3

Case 7:26-cv-00002-DC   Document 1   Filed 01/05/26   Page 1 of 8

FILED
January 05, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ KG _____ DEPUTY

**OPEN REFERENCE CAUSE NO. A-25-1272-CIV**

## CIVIL RIGHTS SUIT

7:26-cv-002

AUGUSTINE K. FALANA

Vs. → [RITTELPRICE and MOTHER] (AE) Jovant Green;
JAMES SELF, "MIKE STOKES", LaRON WILLARD, Fedale LOCKHEART, "LOVE", Ciarany Herring
MARY STOKES, SELF. "DK" Ross. Tino Ross.

TO:
District CLERK -
300 NORTH GRANT AVENUE
ODESSA, TEXAS 79761

**42 U.S.C. Sec. 1547 Preservation of Local Civil Rights.**

**50 U.S.C. Sec. 3232(a)** Measures to mitigate Counterintelligence Threats from proliferation and use of spyware. (United States Code 2025 Edition)).

(A) Unauthorized user, infected electronic devices with malicious Software, including without any action required by the user.

(B) Can record telecommunications or other audio Captured on a device not owned by the unauthorized user.

(C) Undertaking of Geolocation, collecting cell site location and information to track location of device and of Person, using internal Sensors of an electronic device not owned by the unauthorized.

→ Please, refer at this moment, to the Director of National Intelligence, Such as whether Such end-to-end System or Systems is used outside the context of a codified lawful Intercept System. Namely, 807, 809, 811 Snyder St. Odessa TX, 79761.

**Special Requests**, That the Directors of the National Intelligency Agency, Director of the Central Intelligence Agency, Director of the National Security Agency, and the Director of the Federal Bureau of Investigators make an assessment in my Cause and submit to the appropriate Congressional Committees a report of the intelligence threats and other risks to the National Security of the United States and namely **Ector County International Detention facility**, and surrounding areas. The Proliferation of foreign spyware assessment should include and incorporate all credible data, including open-source Information. Respectfully. Augustine K. Falana 10-10-2025.

(B) **Considerations** (ii) Please be advised this is serious in nature and in reference to HNT, or Helium Mobile capabilities low Waan or Low Praawny Devices to Device Communications and or Manipulation

FILED FOR RECORD
Cause No.: A-25-1222-CR
Ector County, Texas
09/16/2025 4:21:56 PM
Guadalupe Navarrette
District Clerk
By Deputy: Rey, Amber

NO. A-25-1222-CR

| THE STATE OF TEXAS | § | IN THE 70TH DISTRICT COURT |
|---|---|---|
| VS. | §§§ | OF |
| AUGUSTINE FALANA | §§ | ECTOR COUNTY, TEXAS |

## ORDER SETTING BOND

The Defendant in the above styled cause has been INDICTED with the below named charge(s). The Court hereby sets Defendant's bond(s) as follows:

| COUNT | DESCRIPTION | BOND AMOUNT |
|---|---|---|
| I | ARSON-CT1 | $75,000.00 |
| II | AGG ASSAULT W/DEADLY WEAPON -CT 2 | $75,000.00 |

IT IS FURTHER ORDERED that the Defendant's bond shall be subject to the following conditions upon release from jail or notice of bond conditions:

1.   DEFENDANT SHALL NOT POSSESS, USE, SELL OR HAVE ACCESS TO ANY NON-PRESCRIBED DRUGS, NARCOTICS.

2.   DEFENDANT SHALL SUBMIT TO APPROPRIATE URINE AND/OR BREATH TESTING TO DETECT DEFENDANT'S USE OF ILLEGAL DRUGS AS ORDERED BY OR UNDER DIRECTION OF THE COURT.  DRUG/ALCOHOL TESTS MAY BE ADMINISTERED BY THE ADULT PROBATION OFFICER, POST-SENTENCE MONITORING, OR OTHER PERSON/AGENCY AS ORDERED BY THE COURT, AND ALL COSTS INCURRED SHALL BE REIMBURSED BY THE DEFENDANT TO ECTOR COUNTY.

3.   DEFENDANT SHALL COMMIT NO OFFENSE(S) AGAINST THE LAWS OF THE UNITED STATES, THIS STATE, OR ANY OTHER STATE.

4.   DEFENDANT SHALL NOT POSSESS OR CONTROL ANY FIREARM, WEAPON OR AMMUNITION.

5.   DEFENDANT SHALL NOT LEAVE BOUNDARIES OF THE STATE OF TEXAS, UNLESS WRITTEN PERMISSION HAS BEEN GRANTED BY THIS COURT.

6.   DEFENDANT SHALL COMPLY WITH ALL RULES AND CONDITIONS AS STATED IN THIS ORDER WHILE ON BOND.  THE FAILURE OF DEFENDANT TO COMPLY WITH THE RULES AND CONDITIONS SET FORTH IN THIS ORDER MAY RESULT IN BOND REVOCATION.

IN REFERENCE CAUSE NO.
A-25-1222-CR
CIVIL RIGHTS SUIT

42. U.S.C. EVAN BARK v. Chacon Civil Action No. 10-CV-01570-WYD-MJW Co Cdo. May 16, 2016 In Pursuant to 42 U.S.C. § 1983 asserting Claims Motion to Dismiss. Ector County Sheriff Department did commit unreasonable detention, false imprisonment, unlawful Search & seizure arrest without Probable cause violating rights under Fourth, Fifth and Fourteenth Amendments when arrest was impiyable to defendant. Officer Rece did enter home without search warrant after grabbing keys from personal property of defendant.

42 U.S.C. SEC. 1547 Preservation of Local Civil Rights claim.

16. C.F.R. 465.8 Misuse of fake indicators to influence. (Code of Federal Regulations (2025 Edition)). It was unfair or deceptive acts or practices in violation.(a) fake indicators of abduction of people or persons namely Ciassey Helling Harris. (sister)

28. Tex. Admin. Code 13.14 Ownership and Investments of Assets (Texas Administrative Code (2025 Edition)). (1) No Company or association or persons funds may be disbursed for the purpose of purchasing or investing in any asset. Unless Complaintant Augustine K. Falana assets such as Bitcoin wallets and legers thereby becomes the property of the fund from which disbursement was made. It is thereby a violation for named Individuals to try and Extort him for his Bitcoin wallet and Accounts. Include vehicle Assets also!!
809 Snyder St, Odessa TX, 79761

22. Tex. Admin Code 209.1 Ethical Standards (Texas Administrative Code (2025 Edition)). Be honest and trustworthy in the Performance of all duties. Work performed as a licensed shall avoid misrepresentation and deceit in any fashion, whether by acts of Commission or Omission. (2) A licensee Shall refrain from engaging in acts or practices that Constitutes threats, coercion, or extortion (3) A License shall respect a Consumer Rights.

16. Tex. Admin Code 68.76 Standards of Conduct.
I Augustine K. Falana at the West Texas Internationally Detention facility in Ector County Texas, have witness and been subject to multiple misconduct by fad, my bitcoin holdings namely wallet and other forms of Digital Assets. Officer Bickle and some co-participants namely have been actors in said misconduct, namely, Extortion attempts, Soliciting other offenders to violence etc.

Augustine K. Falana, 10-10-2025
5:51 P.M



CLERK AND THE DEFENDANT'S ATTORNEY AND PROVIDE TO EACH DEFENDANT'S CURRENT MAILING ADDRESS, A CURRENT TELEPHONE NUMBER, AND EMAIL ADDRESS.

**A VIOLATION OF ANY OF THE ABOVE CONDITIONS MAY RESULT IN DEFENDANT'S BOND BEING REVOKED AND DEFENDANT BEING INCARCERATED WHILE AWAITING TRIAL.**

IT IS SO ORDERED, SIGNED and ENTERED on  **9/16/2025 3:59:24 PM**.

_____
JUDGE PRESIDING

**COPY TO:**
DA
DEFENDANT'S ATTORNEY
PROBATION
BONDING COMPANY (IF APPLICABLE)
JAIL (IF APPLICABLE)

# Conclusion in Reference TO: Remedy Request.

(Life In Danger mental Property Rights Protection Group INC. Protectors)).

A. nonprofit Florida Corporation; A. Thomas Lewis, individually, St. Petersburg Automobile Museum, Inc., A Florida Corporation. The plaintiff asserts such nonprofit or alike is forwarded any document for Property Rights and Protection in full compliance there of 809 Snyder St. Odessa Tx, 79761 Augustine K. Falana, Automobile claim as well 2007 Dodge charger and Mazda 3 silver on file.

178 So. 3d 517, 519 n.1 (Fla. 4th DCA 2015) The Protections
Yost-Radge V. A to Z Properties, Inc 263 So. 3d 95 (Fla. App. 2019) Article X, Section 4 Constitution applies Homestead Protection to the residence 809 Snyder St. Odessa Tx, 79761 Augustine K. Falana 10-11-2025. Outside family may not alienate the property without joinder or consent (Vera V. Wells]).

538 N.Y.S. 2d 639, 142 Misc. 2d 849 Emergency Tenant Protections Act (ETPA) (L. 1974, ch. 576, §4). A. Serious public emergency exists at said residence 809 Snyder St. Odessa Tx, 79761 asserts Augustine K. Falana resident and controller of said property after death of grandparent. Resident enacts protections thats necessary to prevent unjust, unreasonable and oppressive attempts on said properties 809 Snyder St. Odessa Tx, 79761 and two (2) vehicles in the, or on property. Without regulation would definantly result in uncertainty, hardship and dislocation. (See McKinney's Unconsolidated Laws § 8622)) (ETPA § 2).

As such resident requests Housing and Community Renewal (DHCR) or Emergency Tenant Protection Acts be inacted, by appropriate regulations. The Petitioner did not commence this proceeding premised on a wrongful act under § 2504.2, but on a basics of Protection of Residence and namely vehicles (2) Two to be accounted for.

The Petitioner asks the Court to abandon the Causes against and grant Protections to properties to be accounted for. The Petitioner asserts innocence in all Causes and that the intent was to cause harm and to Extort Petitioner of all assets. Augustine K. Falana 10-11-2025

## ADDITIONAL BOND CONDITIONS
(Applies only if initialed by Presiding Judge)

9/16/2025 3:59:18 PM

*(signature)*

7. **STAY WITHIN ECTOR COUNTY** - DEFENDANT SHALL NOT LEAVE BOUNDARIES OF ECTOR COUNTY, TEXAS, UNLESS WRITTEN PERMISSION HAS BEEN GRANTED BY THIS COURT.

8. **VICTIM CONTACT** - DEFENDANT MAY NOT BE WITHIN 1,000 FEET OF VICTIM, VICTIM'S FAMILY MEMBERS, VICTIM'S HOME, VICTIM'S SCHOOL, OR VICTIM'S PLACE OF EMPLOYMENT.

   DEFENDANT SHALL HAVE NO DIRECT OR INDIRECT CONTACT OR COMMUNICATION WITH THE VICTIM(S) ALLEGED IN THE INDICTMENT IN THIS CAUSE OR THE IMMEDIATE FAMILY OF THIS VICTIM(S). DEFENDANT SHALL NOT COMMUNICATE A THREAT THROUGH ANY PERSON TO THE VICTIM(S) ALLEGED IN THE INDICTMENT IN THIS CAUSE OR THE IMMEDIATE FAMILY OF THIS VICTIM(S). FURTHERMORE, DEFENDANT SHALL NOT BE WITHIN ONE THOUSAND (1,000) FEET OF THE VICTIM(S) ALLEGED IN THE INDICTMENT IN THIS CAUSE, HIS/HER RESIDENCE, PLACE OF EMPLOYMENT OR SCHOOL.

9. **MINOR CHILDREN** - DEFENDANT SHALL NOT BE IN THE PRESENCE OF ANY MINOR CHILDREN WITHOUT A COMPETENT ADULT AND/OR PARENTAL SUPERVISION.

10. **GPS** – DEFENDANT SHALL BE SUBJECT TO ELECTRONIC MONITORING WITH GPS MONITORING UNDER THE SUPERVISION OF POST-SENTENCE PRETRIAL MONITORING DEPARTMENT OF ECTOR COUNTY, TEXAS.

    IN NO EVENT SHALL DEFENDANT BE OUTSIDE HIS/HER RESIDENCE BETWEEN THE HOURS OF 11PM AND 5AM WITHOUT WRITTEN CONSENT OF THIS COURT.

    **PRIOR TO RELEASE, DEFENDANT SHALL PROVIDE PROOF OF HIS DESIGNATED RESIDENCE AND TELEPHONE SERVICE TO THE POST-SENTENCE PRETRIAL MONITORING DEPARTMENT OF ECTOR COUNTY TEXAS, FOR THE PURPOSE OF SATISFYING THE ELECTRONIC MONITORING REQUIREMENTS. UPON COMPLIANCE, DEFENDANT SHALL THEREAFTER BE RELEASED ONLY TO THE POST-SENTENCE PRETRIAL MONITORING DEPARTMENT PERSONNEL FOR AND ELECTRONIC MONITORING.**

11. **GPS WITH HOME CONFINEMENT** – DEFENDANT SHALL BE RESTRICTED TO HIS/HER DESIGNATED RESIDENCE AND REMAIN AT SAID RESIDENCE EACH DAY AND SUBJECT TO HOME CONFINEMENT AND ELECTRONIC MONITORING WITH GPS MONITORING AT SAID RESIDENCE UNDER THE SUPERVISION OF POST-SENTENCE PRETRIAL MONITORING DEPARTMENT OF ECTOR COUNTY, TEXAS.

From: Augustine Falana #138581
Ector County International Detention Facility
P.O. Box 331
Odessa TX 79760

[Legal Mail]
Legal Indigent

To:
U.S. District Clerk's Office
200 East Wall St.
Room #222
Midland TX, 79701

RECEIVED
JAN 05 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK
Chain Mail

Legal Indigent

Approved: D. Herrera 1580

Valid: 12/23 – 12/30
① [Legal Mail]

[Chain Mail ②
if Necessary]

[Chain Mail ②
if Necessary]

SO# 138581
Falana, Augustin.